

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00282-CV

---

Kevin McBride, Appellant

v.

Yuliana Esmeralda Rios-Flores, Appellee

---

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-FM-13-003061

---

## MEMORANDUM OPINION

After providing Appellant, Kevin McBride, with notice and multiple opportunities to cure defects in his appellate brief, we strike his latest brief for failure to substantially comply with the Texas Rules of Appellate Procedure and dismiss his appeal.

Most recently, our March 27, 2026 order stated that McBride's March 17, 2026 appellate brief failed to comply with Texas Rules of Appellate Procedure 9.4(i)(3), and 38.1. We struck the brief and ordered McBride to file a compliant brief no later than April 6, 2026. Our order cautioned that failure to file a brief in substantial compliance with the rules could result in the dismissal of

this appeal for want of prosecution. Tex. R. App. P. 38.9(a), 38.8(a)(1). McBride timely filed a new appellate brief on March 30, 2026, but because it does not substantially comply with the Texas Rules of Appellate Procedure, we strike the brief and dismiss the appeal for want of prosecution. Tex. R. App. P. 38.8(a), 38.9(a).

We construe the rules of procedure liberally so that the right to appellate review is not waived on a procedural defect. *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) (per curiam). However, appellate courts are "not responsible for doing the legal research" to support a party's contentions, *Interest of T.D.G.*, No. 13-22-00051-CV, 2022 WL 4374991 at *2–3 (Tex. App.—Corpus Christi Sept. 22, 2022, no pet) (mem. op.), nor are we responsible for searching the record "for facts that may be favorable to a party's position." *Harris v. CR Propertywise LLC*, No. 05-23-00349-CV, 2024 WL 3517710 at *1 (Tex. App.—Dallas July 24, 2024, no pet.) (mem. op.). If we did those things, we would be abandoning our role as judges and adopting the role of advocates. *Interest of T.D.G.*, 2022 WL 4374991 at *2–3.

If an appellate court determines that the briefing rules have been "flagrantly violated," as we have determined here, it may require the party to amend, supplement, or redraw the brief. Tex. R. App. P. 38.9(a); Tex. R. App. P. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). If, after a reasonable time to amend, the appellant files another brief that does not comply with the rules of appellate procedure, the appellate court "may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief," which ultimately results in the dismissal of the appeal for want of prosecution. Tex. R. App. P. 38.9(a); *See Lampley v. Sterling*, No. 01-22-00549-CV, 2023 WL 4110845 at *2 (Tex. App.—Houston [1st Dist.] June 22, 2023, pet. denied) (mem. op.) (per curiam)

2

(striking a brief containing conclusory statements and a bulleted list of "hornbook law" for non-compliance and dismissing for want of prosecution); *Ausbie v. Salvation Army, Inc.*, No. 02-19-00240-CV, 2020 WL 479281 at *1 (Tex. App.—Fort Worth Jan. 30, 2020, no pet.) (mem. op.) (striking a non-compliant brief and dismissing the appeal for want of prosecution); *Porter v. Barnes*, No. 03-22-00648-CV, 2023 WL 5208031 at *2 (Tex. App.—Austin Aug. 15, 2023, no pet.) (mem. op) (same); *Sepulveda v. Wilmington Savings Fund Society, FSB as Trustee for Cascade Funding Mortgage Trust HB10*, No. 04-24-00696-CV, 2025 WL 1129028 at *1 (Tex. App.—San Antonio April 16, 2025, no pet.) (mem. op.) (per curiam) (same); *Shockley v. Yalk*, No. 07-22-00128-CV, 2023 WL 1993683 (Tex. App.—Amarillo Feb. 14, 2023, no pet.) (mem. op.) (same); *Grigg v. Waggonner*, No. 09-24-00276-CV, 2025 WL 1186328 at *1 (Tex. App.—Beaumont April 24, 2025, pet. dism'd w.o.j.) (mem. op.) (per curiam) (same); *Ruohonen v. LRCA Investment LLC*, No. 10-24-00213-CV, 2025 WL 719841 at *1 (Tex. App.—Waco Mar. 6, 2025, no pet.) (mem. op.) (same); *Rojas v. Gaskin*, No. 14-23-00873-CV, 2024 WL 5087419 at *2 (Tex. App—Houston [14th Dist.] Dec. 12, 2024, pet. denied) (mem. op) (same).

In the case before us, McBride filed briefs that did not meet the requirements of the appellate rules. *See* Tex. R. App. P. 38.1;Tex. R. App. P. 44.3. The argument section of his March 30, 2026 brief consists of a bulleted list of conclusory statements without citation to the record or to legal authority supporting his contentions.[1] Tex. R. App. P. 38.1(i).

---

[1] We acknowledge that the argument section of the brief contains one citation to Texas Family Code § 156.101, but McBride makes no attempt to provide a substantive legal argument linking the statute to the facts of his case. "[W]hen a brief has no substantive argument, with appropriate citations to authorities and the record, the brief is insufficient and presents no basis for reversal." *Lampley v. Sterling*, No. 01-22-00549-CV 2023 WL 4110845 at *2 (Tex. App.—Houston [1st Dist.] June 22, 2023, pet. denied).

Accordingly, we "proceed as if [McBride] had failed to file a brief[,]" Tex. R. App. P. 38.9(a), and dismiss the appeal for want of prosecution. Tex. R. App. P. 38.8(a), 38.9(a), 42.3(b), (c).

LISA J. SOTO, Justice

April 22, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.